**Sandra WALLACE, Plaintiff,**

v.

**SMITH & SMITH CONSTRUCTION, INC., an active Oregon corporation, Defendant.**

**No. CIV. 99–446–JO.**

United States District Court,
D. Oregon.

Aug. 19, 1999.

---

Charese A. Rohny, Vick & Conroyd, Salem, OR, for Plaintiff.

Donna R. Sandoval, Bullivant Houser Bailey Pendergrass & Hoffman, Portland, OR, for Defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiff Sandra Wallace, an Oregon resident, alleges that defendant Smith & Smith Construction Inc., an Oregon corporation, unlawfully discriminated against her in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000(e)). Plaintiff also alleges state law tort claims of unlawful discrimination, wrongful discharge, and negligence.

Defendant now moves for summary judgment (# 7), asserting that it is not an "employer" as defined by Title VII and, therefore, is not subject to federal jurisdiction. Additionally, defendant argues that the state law claims should be dismissed because there is no compelling reason for this court to retain jurisdiction once the federal claim is dismissed. For the reasons stated below, defendant's motion for summary judgment is granted, and the supplemental state law claims are dismissed.

## STANDARD

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the undisputed facts warrant judgment for the moving party as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of showing that no material factual dispute exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630 (9 th Cir.1987).

## DISCUSSION

A. *Title VII Claim*

Title VII prohibits an employer from discriminating "against any individual

with respect to his compensation, terms, conditions, or privileges of employment" on the basis of sex. 42 U.S.C. § 2000e–2(a)(1). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person * * *." 42 U.S.C. § 2000e(b). An employer "has" employees within the meaning of that subsection if he or she maintains an employment relationship with an individual on any given day, regardless of whether the individual works or is compensated on that day. *See Walters v. Metropolitan Educ. Enterprises, Inc.*, 519 U.S. 202, 207–208, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997)(adopting the "payroll" method for assessing the number of employees); *see also Herman v. United Broth. of Carpenters*, 60 F.3d 1375, 1384–85 (9th Cir.1995)(Title VII claim fails where employer does not qualify under statutory definition of "employer").

Defendant has submitted payroll records and tax statements to show that it is not an "employer" under Title VII because it did not have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. The payroll and tax records plainly demonstrate that during 1996, defendant had a maximum of nine employees, falling well short of the statutory requirement. *See* Defendant's Reply re: Summary Judgment, Exhibit 1, pp. 3–14, 26–31. The payroll and tax records also demonstrate that through September 1997, plaintiff's alleged discharge date, defendant employed fifteen employees during the month of September, but not for a twenty week period as required by Title VII. *See* Defendants' Reply, Exhibit 1, pp. 15–23, 32–37.

In her complaint, plaintiff alleges that defendant is an "employer with fifteen or more employees." Complaint, ¶ 4. However, plaintiff did not allege that these employees worked each day of twenty weeks, as required by Title VII. In response to defendant's motion for summary judgment, plaintiff offers her affidavit in which she asserts that she believes defendant's employees worked each day of twenty weeks. Affidavit of Sandra Wallace, ¶ 6. Plaintiff also offers her husband's affidavit, in which he states that defendant has more than fifteen employees. Affidavit of Mike Wallace, ¶ 4. That statement does not help plaintiff, however, because she must demonstrate not only that defendant employed more than fifteen employees but that the employment lasted the required period of twenty weeks.

Finally, plaintiff submits a notice of substantial evidence determination from the Bureau of Labor and Industries, which states that defendant "employ[ed] more than 15 persons in this State." Plaintiff's Concise Statement of Material Facts, Exhibit A, p. 1. That evidence also is not helpful to plaintiff's Title VII claim because it does not address the duration requirement.

Defendant's evidence, in contrast, shows that the number of employees and the duration worked is insufficient to satisfy the definition of "employer" under Title VII. Plaintiff's evidence fails to raise a genuine issue of material fact as to either the number of employees or the duration, and, accordingly, defendant's motion for summary judgment on plaintiff's Title VII claim must be granted.

**B.  *Remaining State Law Claims***

Because plaintiff's Title VII claim must be dismissed, the court must decide whether to retain jurisdiction over the supplemental state law claims. There is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed. *See Danner v. Himmelfarb*, 858 F.2d 515, 523 (9 th Cir.1988). In keeping with my belief that state law tort claims are best resolved by the state courts, I decline to exercise supplemental jurisdiction and will dismiss the remaining state law claims without prejudice.

## CONCLUSION

Defendant's motion for summary judgment (# 7) is GRANTED and the Title VII claim is dismissed with prejudice. Plaintiff's supplemental state law claims are dismissed without prejudice. Any other pending motions are denied as moot.